# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

JIM LEE REMER, )
)
    Plaintiff, )
)
v. ) Case No. 14-CV-202-TCK-TLW
)
HARTFORD LIFE AND ACCIDENT )
INSURANCE COMPANY, )
)
    Defendant. )

## OPINION AND ORDER

Before the Court are briefs regarding the threshold legal question of whether the Court will (1) enter a scheduling order limited to the submission of briefs and the underlying administrative record, as requested by Defendant, or (2) enter a standard scheduling order that concludes with an evidentiary hearing or bench trial, as requested by Plaintiff.[1]

## I.    Factual Background

On April 30, 2014, Plaintiff Jim Lee Remer, a former American Airlines employee, filed a Complaint against Defendant Hartford Life and Accident Insurance Company seeking a determination that Defendant wrongfully denied Plaintiff's claim for long-term disability benefits under a Group Long Term Disability Plan for Employees of Transport Workers Union of America ("Policy"). Plaintiff admits that the Policy is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"); that his claim is a civil action brought pursuant to 29 U.S.C. §

---

[1] The Court does not construe Plaintiff's Complaint as requesting a jury trial. If and to the extent Plaintiff does request a jury trial, such request is rejected. *See Mantooth v. AT&T Umbrella Benefit Plan Number 1*, 804 F. Supp. 2d 1171, 1178 (N.D. Okla. 2011) ("The Tenth Circuit has unequivocally ruled that an ERISA claimant does not have a right to jury trial on his or her claim to recover unpaid benefits.") (citing *Graham v. Hartford Life & Acc. Ins. Co.*, 589 F.3d 1345, 1355–56 (10th Cir. 2009)).

1132(a)(1)(B); and that the Court's jurisdiction arises from 29 U.S.C. § 1132(e). Typically, such claims require review of the administrative record rather than an evidentiary hearing or trial. *See supra* Part II. However, in his Complaint, Plaintiff requested a full evidentiary hearing and trial by the Court, alleging that the United States Supreme Court's decision in *Kappos v. Hyatt*, 132 S. Ct. 1690 (2012), affords him the right to such a hearing and the opportunity to present new evidence beyond that contained in the ERISA administrative record. Upon review of the Joint Status Report, the Court ordered briefing on this threshold legal question and delayed entering a schedule.

**II.     29 U.S.C. § 1132(a)(1)(B) Proceedings**

Section 1132(a)(1)(B) of ERISA provides:

(a) Persons empowered to bring a civil action
A civil action may be brought--
(1) by a participant or beneficiary--
. . .
(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

The Supreme Court has explained that this provision "allows a suit to recover benefits due under the plan, to enforce rights under the terms of the plan, and to obtain a declaratory judgment of future entitlement to benefits under the provisions of the plan contract." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 108 (1989). Because the statute does not specify what evidence may be presented and the proper standard of review in such proceedings, courts have fleshed out these questions.

**A.     Evidence Permitted**

A district court's review, as well as the Tenth Circuit's review on appeal, is "limited to the administrative record – the materials compiled by the administrator in the course of making his

2

decision." *Foster v. PPG Indus., Inc.*, 693 F.3d 1226, 1231 (10th Cir. 2012) (internal quotation marks omitted); *see also Bigley v. CIBER, Inc. Long Term Disability Coverage*, 570 F. App'x 756, 761 (10th Cir. 2014) (rejecting plaintiff's argument that she was entitled to a "bench trial on the merits so that she could present evidence" because "in reviewing a plan administrator's decision for abuse of discretion, the federal courts are limited to the administrative record – the materials compiled by the administrator in the course of making his decision"); *Mantooth*, 804 F. Supp. 2d at 1178 ("In reviewing the plan administrator's or fiduciary's decision, the reviewing court generally is limited to the administrative record – the materials compiled by the [decisionmaker] in the course of making [the] decision.") (internal quotations marks omitted). Thus, there is generally no discovery, no evidentiary hearing, and no bench trial in § 1132(a)(1)(B) proceedings.

B. **Standard of Review**

In *Firestone*, the Supreme Court held that a "denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a de novo standard *unless* the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone*, 489 U.S. at 116 (emphasis added). Where the plan confers upon the administrator discretionary authority to determine eligibility for benefits or to interpret plan terms, a more deferential standard is appropriate. *Id.* This exception to de novo review is grounded in principles of trust law. *Id.* (explaining that "ERISA abounds with language and terminology of trust law" and that "a deferential standard of review [is] appropriate when a trustee exercises discretionary powers"). In the Tenth Circuit, this more deferential standard of review is termed an "abuse of discretion" or "arbitrary and capricious" standard. *Foster*, 693 F.3d at 1232 (explaining that two terms are interchangeable). A plan administrator's dual role of evaluating and paying claims creates a

3

conflict of interest, which may be weighed as a factor in determining whether the plan administrator's actions were arbitrary and capricious. *Id.*[2]

**III.** *Kappos*

In *Kappos*, the Court addressed what evidence may be presented and the proper standard of review in a civil action arising under 35 U.S.C. § 145, which is a part of the Patent Act of 1952. *Kappos*, 132 S. Ct. at 1694. Section 145 provides a civil remedy against the Director of the Patent and Trademark Office ("PTO") for a patent applicant who is "dissatisfied with the decision of the Patent Trial and Appeal Board in an appeal under section 134(a)." 35 U.S.C. § 145. The Supreme Court had previously held that "§ 145 permits the applicant to present new evidence to the district court that was not presented to the PTO." *See Kappos*, 132 S. Ct. at 1694 (citing *Dickinson v. Zurko*, 527 U.S. 150 (1999)). The Supreme Court accepted certiorari in *Kappos* to address whether there "are any *limitations* on the applicant's ability to introduce new evidence," such as only when the evidence was unavailable during the PTO proceedings, and the "appropriate standard of review that a district court should apply when considering such evidence." *Id.* at 1694-95 (emphasis added). The Court held: (1) "there are no limitations on a patent applicant's ability to introduce new evidence in a § 145 proceeding beyond those already present in the Federal Rules of Evidence and the Federal Rules of Civil Procedure;" and (2) "if new evidence is presented on a disputed question of fact, the district court must make de novo factual findings that take account of both the new evidence and the administrative record before the PTO." *Id.* at 1700-01.

---

[2] This Opinion and Order does not take any position regarding what standard of review should apply in this case or whether Defendant has a conflict of interest that plays a role in the Court's analysis. It merely sets forth general principles for purposes of analyzing whether *Kappos* requires a change in the Court's general procedures in § 1132(a)(1)(B) cases.

4

## IV.     Analysis

Plaintiff argues that, due to similarities in 35 U.S.C. § 145 and 29 U.S.C. § 1132(a)(1)(B), the Court should extend the reasoning in *Kappos* to a court's review of an ERISA plan administrator's denial of benefits. The Court declines to upset Tenth Circuit jurisprudence governing § 1132(a)(1)(B) proceedings for three reasons. First, *Kappos* does not mandate or support such a result. The Supreme Court had expressly held, prior to *Kappos*, that new evidence could be presented in a § 145 proceeding, in contrast to other proceedings under the Patent Act which were limited to review of the administrative record. The issues in *Kappos* were whether there should be any *limitations* on this existing right and what standard of review applied to any new evidence. The Tenth Circuit has held that § 1132(a)(1)(B) proceedings are, as a general rule, limited to a review of the administrative record. This distinction between § 145 and § 1132(a)(1)(B) makes it problematic to extend *Kappos'* reasoning to civil actions challenging denials of benefits. Any extension of *Kappos* to ERISA cases would work a drastic change in long-standing procedures, and the Court does not read *Kappos* as mandating or supporting such a change.

Second, although the Tenth Circuit has not expressly addressed the *Kappos* decision, it has not changed its evidentiary approach or standard of review since *Kappos* was decided. *See Foster*, 693 F.3d 1226 (decided six months after *Kappos*); *Bigley,* 570 F. App'x at 761 (decided in 2013 and rejecting plaintiff's argument that she was entitled to a "bench trial on the merits so that she could present evidence"); *Hart v. Capgemini U.S. LLC Welfare Ben. Plan Admin. Doc.*, 547 F. App'x 870, 874 (10th Cir. 2013) (stating that a plaintiff seeking review of an ERISA benefit denial "is not entitled to present evidence outside the administrative record to prove his or her claim" and that federal courts are "limited to the administrative record").

Finally, courts from other jurisdictions expressly addressing this issue have declined to extend *Kappos*' reasoning to ERISA proceedings arising under § 1132(a)(1)(B). *See McCay v. Drummond Co., Inc.*, 509 F. App'x 944, 949 (11th Cir. 2013) ("[T]here is no "broad brush" language in the opinion that would support McCay's conclusory assertion that the right to submit additional evidence in an ERISA disability determination, nor that the right goes on for forever."); *Anderson v. Sun Life Assur. Co. of Can.*, CV-12-145, 2012 WL 5392268, at *5 (D. Ariz. Nov. 5, 2012) (denying motion for discovery in ERISA action and declining "to reject Ninth Circuit precedent and extend the holding in *Kappos* to ERISA cases"); *Hooks v. Hartford Life & Acc. Ins. Co.*, 2:12-CV-220, 2012 WL 5187780, at *3 (M.D. Ala. Oct. 19, 2012) (rejecting argument that district court should consider new evidence following administrative review based because *Kappos* "involved a different statute and different case law" and "[t]o apply the *Kappos* decision to this case would undercut longstanding precedent in ERISA jurisprudence, and . . . would require a reassessment of the entire regime of ERISA litigation") (internal quotation marks omitted).

**V.     Conclusion**

The Court declines to extend *Kappos* to this § 1132(a)(1)(B) proceeding and will therefore not permit discovery, an evidentiary hearing, or a bench trial as requested by Plaintiff in the Joint Status Report and Complaint. This matter is referred to United States Magistrate Judge T. Lane Wilson to enter a scheduling order and issue a Report and Recommendation as to whether the decision to deny benefits should be affirmed.

**SO ORDERED** this 30th day of December, 2014.

TERENCE C. KERN
United States District Judge